### In re RUSSELL.

(District Court, N. D. Iowa, W. D.    September 11, 1899.)

1. BANKRUPTCY—VOLUNTARY PETITION—PARTNERSHIP.

Where a voluntary petition in bankruptcy avers that the petitioner and another were partners, and prays an adjudication of the firm as bankrupt, but not of either partner, and the other member of the firm is not notified and does not appear, an adjudication in bankruptcy against the petitioner as an individual is unauthorized, and will be set aside.

2. SAME—DISCHARGE FROM PARTNERSHIP AND INDIVIDUAL DEBTS.

Where a member of a partnership, filing his individual petition in bankruptcy, seeks to be discharged from the claims of creditors of the firm, as well as from his personal debts, the petition must state the fact; and it must be so stated in the notices for the first meeting of creditors, in the petition for discharge, and in the notices thereof to creditors.

In Bankruptcy. On application by the bankrupt for discharge.

E. P. Farr, for bankrupt.

SHIRAS, District Judge. The petition originally filed avers that John L. Russell and John F. Offel were partners under name of Russell & Offel, and prays that the firm be adjudged to be bankrupt, but does not ask that either partner be adjudged to be bankrupt. I find no amendment to the petition in these particulars. The petition is signed by Russell alone. No appearance was entered by Offel. On April 28, 1899, John L. Russell was individually adjudged to be bankrupt. The petition for discharge prays that Russell be granted a discharge from all debts provable against his estate, but does not refer to the partnership debts in any form. As there was no notice given to Offel, the firm could not be adjudged to be bankrupt. Gen. Orders No. 8 (32 C. C. A. xi., 89 Fed. vi.). The petition does not pray for an adjudication of Russell as an individual, and there is no foundation in the record for the adjudication that was entered. The adjudication entered is set aside, and the case is again sent to the referee for further proceedings. The petitioner should amend his petition. If it is proposed to have the firm adjudged bankrupt, as well as the partners, the petition should so show, and notice of the proceedings, under Gen. Orders No. 8, must be given to Offel unless he voluntarily joins in the proceeding. If it is not proposed to adjudicate the firm, the petition must show that Russell was a member of the firm, and must aver that he asks a discharge against firm creditors as well as individual creditors; and this fact must be set forth in the notice given to creditors of first meeting, also in the petition for discharge and in the notice to creditors thereof. The safer plan is to give notice to Offel to have the firm adjudged bankrupt.